*18*

RECEIPT #-DET 009420

# IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| In Re: Subpoena to Flowdesign, Inc.<br><br>HANSEN BEVERAGE COMPANY,<br><br>          Plaintiff,<br><br>v.<br><br>INNOVATION VENTURES, LLC dba<br>LIVING ESSENTIALS,<br><br>          Defendant. | Case: 2:09-mc-50630<br>Judge: Zatkoff, Lawrence P<br>MJ: Pepe, Steven D<br>Filed: 05-29-2009 At 03:55 PM<br>MQ Hansen Beverage Company v Innovation Ventures, LLC (SMS)<br><br>Underlying Case:<br>Civil Action No.: 08CV1166<br>United States District Court for the<br>Southern District of California<br>The Honorable Irma E. Gonzalez |

## MOTION OF NON-PARTY FLOWDESIGN, INC. TO QUASH SUBPOENA PURSUANT TO FED. R. CIV. P. 45(c)

Detroit_929196_1

## I.  INTRODUCTION

Hansen Beverage Company hired Flowdesign to create advertising to promote Hansen's beverages. On May 14, 2009 defendant Living Essentials served a subpoena *duces tecum* on Flowdesign seeking a wide range of documents relating to more than seventeen beverage products Hansen sells.

This subpoena should be quashed for three reasons: 1) the documents sought can as easily be obtained from a less burdensome source—Hansen; 2) the subpoena is unduly burdensome given breadth of the request, and especially since Hansen's advertising is not at issue in this case; and 3) the subpoena is partially duplicative of documents Living Essentials has already demanded that Hansen produce.

## II.  FACTUAL BACKGROUND

### The Players

Flowdesign is a modest sized advertising agency located in Northville, Michigan. Hansen hired Flowdesign to assist it in advertising and promoting its beverage products. Flowdesign is not a party to this case.

Hansen is a distributor of a variety of drink product lines and sells its popular Monster Energy® drinks. Hansen's energy drinks have been most successful; more than 100,000 retail stores across the United States sell its products.

Living Essentials sells its popular 5-hour Energy products. As its very name and advertising suggest, Living Essentials claims that its products provide users with five hours of energy.

**Claims At Issue**

Hansen's complaint contends that Living Essentials has misrepresented its product 5-hour Energy because contrary to its name, 5-hour Energy does not and cannot provide users with 5 hours of energy. Apparently Living Essentials actually admits as much. It has conducted its own "clinical study" (which Hansen contends was flawed for a variety of reasons) on the effects of 5-hour Energy. Barely half (only 57.7%) of those involved in the "clinical trial" claimed they experienced "5 hours of Energy." Nonetheless, Living Essentials insists that its durational claim — that it provides 5 hours of energy — is not false or misleading.

Not only is the durational claim false, but so is the claimed efficacy of the product. All of the advertising for 5-hour Energy revolves around physical activity. The 5-hour Energy label has the silhouette of a man running up a mountain.

Living Essentials' advertising further claims that its product results in "no crash." Notably Living Essentials' own web site, however, admits that, to the contrary, based again on its clinical trial study, 24% of its users experienced a "crash."

Notably Living Essentials has not filed a counter claim against Hansen regarding any of Hansen's products' advertisements.

**Documents Sought from Flowdesign**

The subpoena seeks documents that pertain to Hansen's products' advertising. Living Essentials' subpoena seeks documents relating to eleven excessively broad issues. (See subpoena attached hereto as Exhibit A). Each of these eleven document requests in and of itself calls for a substantial search for and production of documents. A review of just the first two requests illustrates the point. Request number one seeks "all documents and things that Flowdesign

Detroit_929196_1

prepared for Hansen that refer or relate to ENERGY DRINK(S).[1]" This request could not be more broad.

Request number two requests documents relating or referring to market research; marketing plans; consumer surveys; concept tests; pricing tests; usage and attitude studies; customer satisfaction studies; community surveys; opinion polls relating to "ENERGY DRINKS". This single document request is in fact 153 document requests in that it seeks documents relating to nine issues for each and every one of the seventeen "ENERGY DRINKS."

## III.   FACTS AND LAW WARRANT AN ORDER QUASHING THE SUBPOENA

### Standard For Motion to Quash

Even if a party's discovery request is non-privileged and relevant, it will not be granted if it constitutes discovery abuse.[2] The court must limit discovery, either on motion or of its own accord, in a number of circumstances.[3] Discovery cannot be had if it is "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive."[4] A court will likewise deny discovery if "the party seeking discovery has had ample opportunity to obtain the information by discovery in the action."[5] Finally, discovery is not permitted when its "burden or expense . . . outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the

---

[1]  Living Essentials defines "ENERGY DRINKS" to include seventeen particular brands of beverages sold by Hansen along with any "Lo-Carb" or "Low Carb" versions sold under these brands."

[2]  *Convertino v. United States DOJ*, 2008 U.S. Dist. LEXIS 66889, 6-7 ( E.D. Mich. Aug. 28, 2008)

[3] *Id.* citing to Fed. R. Civ. P. 26(b)(2)(C).
[4] *Id.* citing to Fed. R. Civ. P. 26(b)(2)(C)(i)
[5] *Id.* citing to Fed. R. Civ. P. 26(b)(2)(C)(ii)

importance of the issues at stake in the action, and the importance of the discovery in resolving the issues."[6]

Additionally, a party confronted with a potentially harmful discovery request may move the court for a protective order. The court may issue such an order, for good cause, "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."[7]

### The Documents Sought Are Available from Plaintiff Hansen

The documents Living Essentials seeks, relate to Hansen's products' advertisements and marketing. Hansen either has those documents, or has possession, custody or control over those documents to the extent they reside with Flowdesign. Living Essentials has made no efforts to obtain these documents from Hansen (expect in one document request discussed below). Its failure to do so, is grounds for a motion to quash. Courts routinely quash subpoenas were other, less burdensome avenues have not been explored in obtaining the information sought.[8]

For example in *In re DaimlerChrysler AG Sec. Litig.*, the court denied a motion to compel subpoenas of third party depositions on the basis that the issuing party had not attempted to obtain the information from other sources.[9] The "other sources" from which the subpoenaing party could have obtained the information were DaimlerChrysler employees who resided in Germany. This required the party that issued the subpoena to follow the protocols of the Hague Convention to obtain that information. Even then, the Court held that plaintiff's failure to obtain information from other sources was grounds to deny the motion to compel the subpoena.

---

[6] *Id.* citing to Fed. R. Civ. P. 26(b)(2)(C)(iii).
[7] *Id.*
[8] *In re DaimlerChrysler AG Sec. Litig.*, 216 F.R.D. 395, 404 (E.D. Mich. July 2, 2003)
[9] *Id.*

Similarly, in *Nidec v. Victor Company*[10] the court granted a motion to quash a subpoena on this very basis Hansen presents here; "the vast majority of the discovery sought from [third party] is discovery obtainable from a source more direct, convenient, and less burdensome – namely, from Defendants."[11] "There is simply no reason to burden nonparties when the documents sought are in possession of the party defendants"[12] So to here. All of the documents sought from Flowdesign could have just as easily have been obtained from Hansen rather than imposing this burden on a third party.

### The Requests Are Unduly Burdensome and Irrelevant

Even though Living Essentials' subpoena enumerates eleven document requests, the scope of these requests cover a wide range of documents. The subpoena effectively seeks every document that relates to any document Flowdesign has prepared for its client, Hansen. Living Essentials even asks Flowdesign for documents relating to its own product 5-hour Energy. It is difficult to imagine why Hansen's advertising agency should either 1) have documents relating to Living Essentials' 5-hour Energy product or 2) even if it did have such documents, why Flowdesign, as a non party should incur the burden of producing such documents that should be in Living Essentials' possession.

Moreover, this case pertains to *Living Essentials'* false advertising claims regarding the durational claims of 5-hour Energy and the "no crash" claims of that product. Hansen's advertising is not at issue in this case, therefore none of its advertising material is even relevant. None of Hansen's products claim that they provide energy for any duration, nor do any of its

---

[10] *Nidec Corp v. Victor Co. of Japan*; 2007 U.S. Dist. Lexis 48841 (N.D. Cal. July 3, 2007).
[11] *Id.* at *6.
[12] *Id.*

products claim that users will experience "no crash." Therefore none of Hansen's advertising pertains to any of Living Essentials' defenses, including its affirmative defense of unclean hands.

**Documents Sought Are Partially Duplicative of Those Already Sought From Hansen**

One of Living Essential's document requests seeks: "All documents and things referring or relating to the formulation, design, marketing and/or sale by HANSEN of any LO CARB ENERGY DRINK." This document request covers marketing information for some of Hansen's beverages and overlaps with some of the requests set forth in the subpoena. There is no need for Flowdesign to duplicate Hansen's efforts in producing these documents.

## IV.   CONCLUSION

For the foregoing reasons, Flowdesign respectfully requests that the subpoena issued to it be quashed.

                              Respectfully submitted,

                              BODMAN, LLP

                              By: _____
                              J. Adam Behrendt (P58607)
                              Michelle A. Carter (P69485)
                              201 W. Big Beaver Road, Suite 500
                              Troy, Michigan 48084
                              Tel: 248.743.6000
                              Fax: 248.743.6002
                              Email: abehrendt@bodmanllp.com
                                        mcarter@bodmanllp.com

                              Attorneys for Flowdesign, Inc.

Dated May 29, 2009

## Index of Exhibits

A.  Subpoena

EXHIBIT A

Daniel T. Pascucci, Esq. (SBN 166780)
dpascucci@mintz.com
Nathan R. Hamler, Esq. (SBN 227765)
nhamler@mintz.com
MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO PC
3580 Carmel Mountain Road, Suite 300
San Diego, California 92130
Telephone: (858) 314-1500
Facsimile: (858) 314-1501

Mark B. Mizrahi, Esq. (SBN 179384)
mmizrahi@brookskushman.com
BROOKS KUSHMAN P.C.
Howard Hughes Center
6701 Center Drive, Suite 610
Los Angeles, California 90045
Telephone: (310) 348-8200
Facsimile: (310) 846-4799

Attorneys for Defendant
INNOVATION VENTURES, LLC dba
LIVING ESSENTIALS

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HANSEN BEVERAGE COMPANY, a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>INNOVATION VENTURES, LLC dba LIVING ESSENTIALS, a Michigan corporation,<br><br>Defendant. | Case No. 08-cv-1166 IEG (POR)<br><br>**DEFENDANT'S NOTICE OF SUBPOENA FOR PRODUCTION OF DOCUMENTS TO FLOWDESIGN, INC.** |

**PLEASE TAKE NOTICE** that, under Federal Rules of Civil Procedure 45, Plaintiff intends to issue a subpoena to Flowdesign, Inc. *See* Subpoena attached as Exhibit 1.

Respectfully submitted,

BROOKS KUSHMAN P.C.

MARK A. CANTOR
MARC LORELLI
THOMAS W. CUNNINGHAM
1000 Town Center — 22nd Floor
Southfield, Michigan 48075
(248) 358-4400
Email: mcantor@brookskushman.com
mlorelli@brookskushman.com
tcunningham@brookskushman.com

*Attorneys for Plaintiff*

Dated: May 14, 2009

## CERTIFICATE OF SERVICE

I, the undersigned, certify and declare that I am over the age of 18 years, employed in the County of Oakland, State of Michigan, and am not a party to the above-entitled action.

On May 14, 2009, I served a copy of the following document: **DEFENDANT'S NOTICE OF SUBPOENA FOR PRODUCTION OF DOCUMENTS TO FLOWDESIGN, INC.** by first class mail on the following:

Norman L. Smith, Esq.
Edward J. McIntyre, Esq.
Alison L. Pivonka, Esq.
SOLOMON WARD SEIDENWURM & SMITH
401 B Street, Suite 1200
San Diego, CA 92101

Attorneys for Plaintiff,
HANSEN BEVERAGE COMPANY

Executed on May 14, 2009, at Southfield, Michigan. I hereby certify that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

Dated: May 14, 2009

AO 88 (Rev. 12/07) Subpoena in a Civil Case

## Issued by the
## UNITED STATES DISTRICT COURT

__EASTERN__ DISTRICT OF __MICHIGAN__

HANSEN BEVERAGE COMPANY

v.

INNOVATION VENTURES, LLC

### SUBPOENA IN A CIVIL CASE

CASE NUMBER:[1]  08-CV-1166 IEG (POR) (pending in the Southern District of California)

TO: FLOWDESIGN, INC.
c/o Daniel A. Matauch, Agent
200 N. Center St., Suite 201, Northville, MI 48167

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

**SEE ATTACHMENT**

| PLACE | DATE AND TIME |
|---|---|
| BROOKS KUSHMAN P.C.<br>1000 Town Center, 22nd Floor<br>Southfield, Michigan 48075 | Monday, June 1, 2009 at 10:00 AM |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| [signature]  Attorney for Defendant | May 14, 2009 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Thomas W. Cunningham, Brooks Kushman P.C.
1000 Town Center, 22nd Floor
Southfield, MI 48075-1238

Phone: (248) 358-4400

(See Rule 45, Federal Rules of Civil Procedures, subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO 88 (Rev. 12/07) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED |  |  |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                  DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2007:

(c) PROTECTING A PERSON SUBJECT TO A SUBPOENA.
(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.
(2) Command to Produce Materials or Permit Inspection.
(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
(3) Quashing or Modifying a Subpoena.
(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information;
(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.
(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

(d) DUTIES IN RESPONDING TO A SUBPOENA.
(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:
(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
(2) Claiming Privilege or Protection.
(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT.
The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## ATTACHMENT TO SUBPOENA TO FLOWDESIGN, INC.
## DEFINITIONS AND INSTRUCTIONS

1. The term "person" or "individual" includes, but is not limited to, any natural person, corporation, partnership, sole proprietorship, or any other business or legal entity or any employee, agent, or representative of the foregoing.

2. The term "identify," when referring to a person, means state the full name, last known home and business address, employer, and job title of such person.

3. The term "identify," when referring to a document, means state the general nature or type (e.g. electronic, paper, etc.), the general subject matter, title, number of pages, date, author or originator, addressee or recipient, copy recipients, present depository or depositories, name and address of any person(s) having custody, and any other necessary basis for identification of such document.

4. The term "Living Essentials" means Innovation Ventures, LLC d/b/a Living Essentials, predecessor or successor corporations, and any subsidiaries, divisions, affiliates, and present and former agents, employees, directors, officers, trustees, attorneys, representatives, research and development personnel, and any other person or entity acting in concert with Living Essentials or on behalf of Living Essentials.

5. The term "Hansen" means Hansen Natural Corp., Hansen Beverage Company, its predecessor or successor corporations, and any of its parents, subsidiaries, divisions, affiliates, foreign affiliates and present and former agents, employees, directors, officers, trustees, attorneys, representatives, research and development personnel, and any other person or entity acting in concert with Hansen or on behalf of Hansen.

6. The terms "you," and/or "FLOWDESIGN" means FLOWDESIGN, Inc., its predecessor or successor corporations, and any of its parents, subsidiaries, divisions, affiliates, foreign affiliates and present and former agents, employees, directors, officers, trustees, attorneys, representatives, research and development personnel, and any other person or entity acting in concert with FLOWDESIGN or on behalf of FLOWDESIGN.

7. The term "and" includes the term "or" and the term "or" includes the term "and."

8. The term "documents" refers to the broadest definition of document under the Federal Rules of Civil Procedure, including drawings, specification, memorandums, and information in computer-readable formats and stored on computer media including but not limited to mass storage devices such as floppy diskettes, hard disks, and also includes email and other documents stored on computer media. When e-mails are produced, any attachments to said e-mails should be produced with the e-mails.

9. The singular of any word includes the plural and the plural of any word includes the singular.

10. The term "ENERGY DRINK(S)" refers to any product(s) designed to provide energy to the consumer, that is marketed to the consumer as a source of energy, or that includes the word "energy" on its label, or in its advertising, including, but not limited to, any products marketed under the following brands: "Energy Pro", "Diet Red Energy", "Rumba", "Ace", "Monster", "Blue Sky", "Primal Energy Tea", "Energade", "Fizzit", "Lost Energy", "Joker Mad Energy", "Unbound Energy", "Vidration", "E2O", "Hitman", "Lobo" and "Sniper."(This includes any Lo-Carb or Low Carb versions sold under these brands")

## DOCUMENT REQUESTS

1. All documents and things that FLOWDESIGN prepared for Hansen that refer or relate to ENERGY DRINK(S) (See "definitions and instructions" for meaning of ENERGY DRINK(S)).

2. All documents and things that refer or relate to any market research, marketing plans, consumer surveys, concept tests, pricing tests, usage and attitude studies, customer satisfaction studies, and/or community surveys and opinion polls that refer or relate in any way to ENERGY DRINK(S).

3. All documents and things FLOWDESIGN relied on for any document FLOWDESIGN prepared for Hansen that refers or relates to ENERGY DRINK(S).

4. All documents and things that refer or relate to any work FLOWDESIGN has done for Hansen concerning ENERGY DRINK(S).

5. Each document and thing FLOWDESIGN provided to Hansen that refers or relates to ENERGY DRINK(S).

6. Each document and thing that Hansen provided to FLOWDESIGN that refers or relates to ENERGY DRINK(S).

7. Each communication between FLOWDESIGN and Hansen that refers or relates to ENERGY DRINK(S).

8. Each communication between FLOWDESIGN and any attorney for Hansen, or any employee of any law firm representing Hansen that refers or relates to ENERGY DRINK(S).

9. All documents and things that refer or relate to any the product Innovation Ventures, LLC, Living Essentials and/or the product "5-Hour Energy."

10. All documents and things that refer or relate to any advertising or public relations of any Hansen ENERGY DRINK(S).

11. All documents and things related to any product branding for any Hansen ENERGY DRINK(S).

12. All documents and things related to any work done by FLOWDESIGN on Hansen's Vidration product.