UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HANSEN BEVERAGE CO.,

        Plaintiff,

v.                                  CASE NO. 09-50630
                                  HON. LAWRENCE P. ZATKOFF

INNOVATION VENTURES, LLC
d/b/a LIVING ESSENTIALS,

        Defendant.

_____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on July 29, 2009

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

## I.  INTRODUCTION

This matter comes before the Court on a motion by a nonparty to the underlying action, Flowdesign, Inc., to quash subpoena [dkt 1]. The motion has been fully briefed. The Court finds that the briefs submitted adequately set forth the relevant law and facts such that oral argument would not aid in the disposition of the instant petition. E.D. Mich. L.R. 7.1(e)(2). Accordingly, the Court ORDERS that the motion be decided on the briefs submitted. For the reasons set forth below, the motion to quash is GRANTED.

## II.  BACKGROUND

Plaintiff distributes a variety of drink products, including "Monster Energy" drinks. Non-party Flowdesign, Inc., is an advertising agency in Northville, Michigan, that has assisted Plaintiff in the marketing and promotion of its products. Defendant sells an energy drink called "5-Hour

Energy." Plaintiff filed a complaint, alleging that Defendant is misrepresenting its "5-Hour Energy" product. On May 14, 2009, Defendant served a *subpoena duces tecum* on Flowdesign, seeking documents related to Plaintiff's line of beverage products. Flowdesign now seeks to quash the subpoena.

### III. ANALYSIS AND OPINION

The scope of discovery is broad, entitling parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). When contemplating restricting discovery, "the court should consider the totality of the circumstances, weighing the value of the material sought against the burden of providing it, and taking into account society's interest in furthering the truthseeking function in the particular case before the court." *Patterson v. Avery Dennison Corp.*, 281 F.3d 676, 681 (7th Cir. 2002) (quotation omitted). The Court "must limit the . . . extent of discovery otherwise allowed by these rules . . . if it determines that the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C)(i).

Rule 45(c) of the Federal Rules of Civil Procedure permits a party to a suit to seek discovery through a subpoena to a nonparty. Upon a timely motion, the Court must quash a subpoena that "subjects a person to undue burden." Fed. R. Civ. P. 45(c)(3)(A). Whether a burden is undue requires weighing "the likely relevance of the requested material . . . against the burden . . . of producing the material." *EEOC v. Ford Motor Credit Co.*, 26 F.3d 44, 47 (6th Cir. 1994). Courts also consider one's status as a nonparty to be a significant factor in the undue-burden analysis. *See, e.g.*, *N.C. Right to Life, Inc. v. Leake*, 231 F.R.D. 49, 51 (D.D.C. 2005). A nonparty seeking to

quash a subpoena bears the burden of demonstrating that the discovery sought should not be permitted. *See Concord Boat Corp. v. Brunswick Corp.*, 169 F.R.D. 44, 48 (S.D.N.Y. 1996); *see also Irons v. Karceski*, 74 F.3d 1262, 1264 (D.C. Cir. 1995).

In this matter, Flowdesign argues that the subpoena should be quashed because "1) the documents sought can as easily be obtained from a less burdensome source—[Plaintiff]; 2) the subpoena is unduly burdensome given [sic] breadth of the request, and especially since [Plaintiff's] advertising is not at issue in this case; and 3) the subpoena is partially duplicative of documents [Defendant] has already demanded that [Plaintiff] produce." Defendant responds that Plaintiff "has served numerous subpoenas on third party vendors and experts . . . without first seeking the documents from [Defendant]." More substantively, Defendant contends that Flowdesign may possess different documents than those possessed by Plaintiff, that the documents sought are relevant because they may illuminate Plaintiff's understanding of the term "energy" or bear on Defendant's affirmative defense of laches, and that any overlap between the documents requested of Flowdesign and those requested of Plaintiff is of no significance.

Defendant's document requests in its subpoena are very broad, including "[a]ll documents and things that FLOWDESIGN prepared for [Plaintiff] that refer or relate to ENERGY DRINK(S)." Defendant also seeks "[a]ll documents and things that refer or relate to any market research, marketing plans, consumer surveys, concept tests, pricing tests, usage and attitude studies, customer satisfaction studies, and/or community surveys and opinion polls that refer or relate in any way to ENERGY DRINK(S)." Defendant additionally requests each communication between Flowdesign and Plaintiff's attorney, among other correspondences and documents. The Court finds that, in addition to being broad, these requests are obtainable from Plaintiff in a more direct, less

burdensome, and more convenient fashion.  Defendant avers that the discovery sought relates to

Plaintiff's understanding of the term "energy" and knowledge of Defendant's existence.  These

issues are more appropriately pursued through Plaintiff rather than Plaintiff's advertising agency.

### IV. CONCLUSION

IT IS ORDERED that the motion to quash subpoena is GRANTED.

IT IS SO ORDERED.


S/Lawrence P. Zatkoff_____
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated:  July 29, 2009

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on July 29, 2009.


S/Marie E. Verlinde_____
Case Manager
(810) 984-3290

4